### PENNSYLVANIA CO. v. CHARLES FOX.

DUTY OF YARDMASTER—INJURY TO SUBORDINATE.

It is not the duty of a yardmaster who has assigned a sufficient number of brakemen to attend to switching a freight train, to go with them and see that they do their duty. Hence, if cars without a brakeman at the end run down an employee who relied on the habit of having a brakeman there, he cannot recover.

Fox was in the employ of the Penna. Co., at its yards in Toledo, as a "car recorder," his duty being to take the number of freight cars coming into the yard. On the — day of —— a freight train came into said yard and Fox placed himself in the center of a track parallel and next to the track on which said freight train was coming in order to note the numbers of the freight cars as they passed him. Adjoining the track upon which Fox stood was an open space where he could have safely stood to take the numbers of the cars. As he placed himself on the track, he looked up that track to two switches, substantially in line with each other, the further one being about 125 feet from him. As he glanced to the switches, he saw some empty passenger cars, and perhaps a box car, being pushed by a switch engine toward him on the track at about the place of the further switch, but as he thought he saw the cars were starting from the track upon a side track at the further switch, and were not coming further toward him, he turned his back towards those empty cars and addressed himself to noting in his book said freight car numbers, and in a few minutes thereafter he was struck and injured by said empty cars, which had not, as he supposed they had, gone in on the side track, but continued to advance towards him till they struck him.

In his petition against the company, Fox charged that the company was negligent in the person of the yardmaster, in not performing the duty and following a long observed custom known to Fox, and upon which he relied, of having on the front of cars moving about the yard as these empty passenger cars were, a brakeman to stop them and warn persons to get out of the way. Though no brakeman was on the front of the cars on this occasion the evidence showed that the yardmaster had assigned a sufficient number

of competent men to move and switch the empty cars, and did not know that they were not doing their duty. The company denied that it or the yard-master was negligent and charged that Fox himself was guilty of negligence in standing where he did or not keeping constant watch for his safety. On the first trial of the case a verdict and judgment were rendered for Fox which the circuit, by a majority opinion, affirmed. These judgments were afterwards reversed by the Supreme Court on the ground that the court of common pleas refused to charge the jury as requested in the eighth request of the Penna. Co. This request is, in substance, as follows: That if the yardmaster assigned a sufficient number of competent men to do said switching he was not bound to go with them to see that they did their duty, and was not negligent in omitting to do so. The Supreme Court having reversed the judgment, with the full record before it, settles the law of the case that the yardmaster is not negligent if he assigns a sufficient number of competent men to do the work though he does not go with them to see that they perform their duties. The evidence not showing that the yard-master knew that these men would not do, or were not doing, their duty, the necessary implications from the decision of the Supreme Court in the case reverses the judgment of the court of common pleas and sets aside the verdict and remands the case to the court of common pleas.